IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY DAVIS                                                                                          PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 4:04CV232LS

UNKNOWN GREER and
UNKNOWN HAROLD                                                                              DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 6th day of June, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Lee Thaggard.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference, in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  The Plaintiff, Jimmy Davis alleges that Sgt. Harold of EMCF assaulted him on August 2, 2004.  According to Davis, he was coming from another area when there was confusion between Harold and another officer about where Davis was supposed to go.  When Davis went in a different direction than Harold, Harold grabbed his

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

restraints from behind and knocked him to the floor. After Davis fell on his face, he says Harold kicked him, then cut his finger with a sharp object that Harold had on his key chain.

When Davis arrived at the infirmary for treatment for his finger, he claims that Warden Greer had him taken to intake. There, Greer grabbed Davis, knocked him to the floor, and called him a "low life son of a bitch." According to Davis, Greer said that his officers should have killed him. Then Greer slapped him again and again, then picked up a mop ringer handle and knocked him repeatedly across the back of his head with it. Davis says that be bled severely from the finger injury and was ultimate taken to the medical department again, where he received twelve stitches for the wound.

    2.    **DISCOVERY ISSUES and PENDING MOTIONS**

The Defendants' attorney is directed to provide copies to the Plaintiff of all of his medical records, as well as the Plaintiff's entire jail file, including any medical request forms or any other reports regarding the Plaintiff. Further, the Defendants should provide a copy of all reports made to officers or administrators of EMCF or MDOC regarding this incident. This information shall be provided to the Plaintiff by July 31, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

### 3. TRIAL WITNESSES

The Plaintiff informed the court that the only witnesses to this incident were prison employees; therefore, he has not requested any inmate witnesses.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

### 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the trial of this action will be held during the calendar that begins on January 1, 2007.

IT IS SO ORDERED, this the 16th day of June, 2006.

                                                    S/James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE